IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DOUGLAS INDIAN ASSOCIATION,<br><br>    Plaintiff,<br><br>vs.<br><br>CENTRAL COUNCIL OF TLINGIT AND HAIDA INDIAN TRIBES OF ALASKA, RICHARD PETERSON, and WILLIAM WARE,<br><br>    Defendant. | Case No. 1:15-cv-00004-RRB<br><br>**<u>ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND TO STATE COURT</u>** |

Plaintiff, Douglas Indian Association, has moved to remand this case to the Superior Court for the State of Alaska, First Judicial District, at **Docket 10.** The motion is opposed at Docket at 18 and Plaintiff replied at Docket 20. For reasons discussed below, the Motion for Remand is **GRANTED.**

### I. BACKGROUND

Plaintiff Douglas Indian Association ("DIA") is a federally recognized Indian tribe located in Juneau, Alaska. Defendant Central Council of Tlingit and Haida Indian Tribes of Alaska ("Central Council") is also a federally recognized Indian tribe located in Juneau, Alaska. Defendants Richard Peterson and William Ware are, respectively, the President and Tribal Transportation Manager of Central Council. As federally recognized tribes, DIA and Central Council were eligible to receive transportation grants ("Tribal Transportation Funds") through the Indian Reservation Roads ("IRR")

Program from the United States government under 25 U.S.C. 458aa-458hh and 25 C.F.R. parts 170 and 1000 between 2005 and 2012. Docket 1, Exhibit A. Multiple tribes are permitted to form consortia in order to collectively receive and administer the Tribal Transportation Funds. 25 U.S.C. 458aa; 25 C.F.R. 1000.14.

In a letter dated July 20, 2005, Central Council solicited DIA's membership in a consortium of tribes formed by Central Council for the purpose of receiving and administering Tribal Transportation Funds. Central Council's letter specified expectations for the operation of the consortium, including how the Tribal Transportation Funds of the individual tribes would be handled. Docket 1, Exhibit A. Central Council went on to form the Southeast Tribal Department of Transportation ("SETDOT") in 2006 to administer the consortium funds and again DIA's membership in the consortium was sought in a memorandum of agreement dated May 8, 2006. Docket 1, Exhibit A. This memorandum from SETDOT further detailed the consortium's operations and management of tribal funds. DIA alleges that based on the promises and expectations in this SETDOT memorandum, they signed and joined the consortium on August 11, 2006. Docket 1, Exhibit A. While SETDOT was dissolved in 2007, the consortium continued under the direct administration of Central Council. However after joining the consortium, DIA alleges that between 2005 and 2012 no transportation projects were undertaken or benefit from the funds afforded DIA despite repeated requests to SETDOT and Central Council.

DIA withdrew from the consortium on January 12, 2012, at which time they requested Central Council to remit all Tribal Transportation Funds the consortium had received on behalf of

DIA. Docket 1, Exhibit A at 6. DIA filed suit in the Superior Court for the State of Alaska, First Judicial District at Juneau on April 9, 2015, and Central Council filed a Notice of Removal to this Court on May 18, 2015, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1442(a). Docket 1 at 2-4.

## II. RULE OF DECISION

Central Council asserts that removal to federal court is supported on two bases. First, Central Council asserts that it was acting as an agent of the United States by carrying out the IRR Program for Alaska Natives and American Indians. Docket 1 at 4. Secondly, Central Council asserts that the matter is based on a federal question arising under the Indian Self-Determination and Education Assistance Act of 1975 ("ISDEAA"), Public Law 93-638, as amended. *Id.* at 2.

### A. State Action Brought Against U.S. or an Agency or Officer of the United States

A civil action in state court that is directed at "the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity" is removable to the embracing district court of the United States. 28 U.S.C. § 1442(a)(1). In order to establish it was "acting under" an officer or agency of the United States to invoke federal jurisdiction, the party seeking removal has the burden to establish two things: First, that "there is a causal nexus between its actions, taken pursuant to a federal officer's directors, and plaintiff's claims," and second that it can "assert a colorable federal defense." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247 (9th Cir. 2006) (citing *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999)); *California v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

### B.     State Action Based on a Federal Question

Under 28 U.S.C. § 1441, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. . . . However, '[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)). "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "'The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court.'" *Id.* (quoting *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003)). Yet, under 28 U.S.C. § 1447(c), after a case is removed from state court, if at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded.

"When evaluating a petition for removal the basis of which is a federal question, 'the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 532-33 (N.D. Cal. 1989) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936)). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1980). "This provision for federal-question jurisdiction is invoked by and large

by plaintiffs pleading a cause of action created by federal law . . . There is, however, another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction . . . [where] federal-question jurisdiction will lie over . . . claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-14 (2005). "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id*. In other words, federal-question jurisdiction requires that federal law be "a necessary element of one of the well-pleaded . . . claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988)(internal citation omitted). However, "[a] defense that raises a federal question is *inadequate* to confer federal jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807-10 (1986) (emphasis added) (internal citation omitted).

Additionally, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id*. at 813. "A state-created cause of action can be deemed to arise under federal law (1) where federal law completely preempts state law"; "(2) where the claim is necessarily federal in character"; "or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113-14 (9th Cir. 2000). Yet, "[t]he U.S. Supreme Court has characterized the category of cases involving state law claims that may be removed to federal court . . . as a slim category." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 681 (2006) (internal quotation marks omitted). "[T]he federal issue in a state-law claim

must actually be in dispute to justify federal-question jurisdiction." *Grable & Sons Metal Prods., Inc.*, 545 U.S. at 315 n. 3.

### III. DISCUSSION

**A.      Central Council Acting as Agent of United States**

DIA has asserted that Central Council has not established that it acted under the direction of federal officers in administering the Tribal Transportation Funds nor has Central Council asserted any federal defense. Docket 10 at 5-6. Central Council's response to the motion to remand makes no refutation of these assertions by DIA and so the Court finds that removal and jurisdiction based on 28 U.S.C. § 1442 is unfounded.

**B.      State-Law Claims Turning on a Federal Question**

DIA's complaint, on its face, arises out of a disconnect between what DIA understood to be promised under the terms of the 2005 letter and the 2006 Memorandum of Agreement with Central Council and the subsequent actual actions by Central Council. Neither party has disputed that the contract dispute issues in this matter are appropriately considered state-law claims. The relevant federal issues are, according to Central Council, 1) that the eligibility for and ability to dispose of Tribal Transportation Funds are governed by federal law; 2) federal law governs not only the formation, but the withdrawal of member tribes from consortia; and 3) federal law regulates the recouping of Tribal Transportation Funds and disputes between withdrawing member tribes and a consortium. Docket 18 at 3 citing 28 C.F.R. § 1000.33-.35.

As already noted, "the federal issue in a state-law claim must actually be in dispute to justify federal-question jurisdiction." *Grable & Sons Metal Prods., Inc.*, 545 U.S. at 315 n. 3. Plainly stated, in the present case there is no contested or disputed federal issue based on DIA's complaint. The federal laws and issues cited by Central Council, while undoubtedly connected to the state-law contract dispute claims, only reference how Tribal Transportation Funds under the IRR Program are to be handled after a member tribe decides to withdraw from a consortium. DIA has not disputed the effect or applicability of these federal regulations.

Additionally, Central Council has pointed to no federal law concerning contractual agreements and unmet expectations between tribes and consortia which would likely precede and give rise to a tribe's desire to withdraw from a consortium, such as in this case. The Court acknowledges that DIA's withdrawal from the consortium and the return of funds is subject to regulations and procedures, cited by Central Council, which may well serve as a defense for Central Council and a limit on any award DIA can ultimately obtain. Nevertheless, this matter does not turn on a question of those federal laws. DIA has alleged that Central Council has either failed to act in accordance with, or acted contrary to, the contractual promises made between the parties. Docket 20 at 4. Moreover, these contractual promises by Central Council were voluntarily made in addition to any federal requirements. *Id*. Had Central Council adhered to the promises and terms of the contract between the parties, as DIA alleges they did not, there would have likely been no withdrawal and no basis for this suit.

Along this line, the Court is not persuaded that this suit is a proxy challenge to federal law or regulation or "artful pleading", as Central Council has alleged. There is no indication, particularly from the face of DIA's complaint, that there is any intent or motivation to circumvent the federal laws cited by Central Council. Again, Central Council's potential defenses based in federal law, such as exclusive remedies for breaches or inability to provided requested relief under federal law, are insufficient to support removal as "federal question jurisdiction cannot be grounded on defenses." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 397 (1987).

Ultimately, the Court does not find any substantial federal issue contested in this matter. DIA's complaint alleges claims arising under state law which do not turn on a question of federal law. Even if the Court were to have reservations about the possible impact the federal regulations might have on this matter, "any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.,* 533 F.3d 1241, 1244 (9th Cir. 2009). (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, the Court also finds that removal and jurisdiction based on 28 U.S.C. § 1441 is unsupported.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Remand to Alaska Superior Court at **Docket 10** is **GRANTED.** Additionally, Defendants' Motion to Dismiss at **Docket 6** is **DENIED** as moot.

**IT IS SO ORDERED** this 17th day of August, 2015.

> S/RALPH R. BEISTLINE
> UNITED STATES DISTRICT JUDGE